## MARSH v. NICHOLS.

ERROR TO THE SUPREME COURT OF MICHIGAN.

Submitted March 7, 1887. — Decided March 14, 1887.

A respondent to a bill in equity in a state court, who allows a decree *p confesso* to be taken against him in the lower state court, and is not a party to the appeal of the Supreme Court of the state, nor to the petition for a writ of error to this court, cannot make himself a party here against the objections of other respondents, who appeared and contested the cause in the state courts, and sued out the writ of error to this court.

THIS cause is the one referred to in *Marsh* v. *Shepard, ante,* 595, as " the suit in chancery between the same parties, with reference to alleged infringements of the same letters-patent, decided in the Supreme Court of Michigan." Scott, one of the defendants below, allowed the bill in the lower state court to be taken *pro confesso* against him, and was no party to the appeal to the Supreme Court of the State, where the decree of the court below granting an injunction was affirmed, nor to the writ of error. The following motion was filed on his be-half :

" And now comes James Scott, by Edward J. Hill, his attorney, and brings here a transcript of the record to which the said plaintiffs in error above named have caused the writ of error issued from this court herein to be directed, together with a copy of the writ, and thereby shows that he is a material and necessary party of record to this cause, and therefore asks that he have leave to file said transcript of record, and be made a party plaintiff in error herein, and that said cause be docketed, and that his appearance may be entered herein, and that the said writ of error be dismissed for want of jurisdiction apparent on the face of the record, or for such other or further order in the premises as may be just and proper.

" Dated February 28, 1887.

" JAMES SCOTT,

" *By Edward J. Hill, his Attorney.*"

This motion was accompanied by the following statement:

"The answer of Marsh and Le Fever, and that of James Scott, show that Scott is the assignee of an undivided one third interest in the valve gear, of which Marsh claims to be the original and first inventor, but that because of the license to use the same, to Nichols, Shepard & Co., and the decision of Judge Brown in their case against Nichols, Shepard & Co., at Detroit, (see record in No. 641, October Term, 1886,) he has instituted suit against Marsh and Le Fever, to rescind his contract of purchase of said interest with them. Scott was satisfied with the decree of Judge Hooker, therefore he did not unite in the appeal to the Supreme Court of Michigan, which affirmed the decree establishing the license, rendering the same *res judicata*. The main object of this writ of error is evidently to delay Scott in his suit with Marsh and Le Fever over this question thus forever settled.

"Scott's name was left out of the writ of error; why? Scott's position is plainly antagonistic to that of Marsh and Le Fever. In his suit to rescind, he wants the decision of Judge Brown upheld, and the license established according to the decrees of the Michigan courts. In these respects he occupies ground almost the same as do Nichols, Shepard & Co. The decrees are, however, against him; until properly rescinded by a court of competent jurisdiction, his interest is subsisting. His election to rescind and his disclaimer therein did not annul his contract of purchase, so as to release him from a decree. But it warrants him in severing himself from Marsh and Le Fever in *Marsh* v. *Shepard, ante,* 595, and in coming here to look after his interests, and to show these facts by an attorney of this court other than *Mr. Parker,* who has, up to the time of Scott's election to rescind, acted for Scott as well as for Marsh and Le Fever."

*Mr. Edward J. Hill* for the motion.

*Mr. R. A. Parker* and *Mr. Don M. Dickinson* opposing.

Mr. Chief Justice Waite delivered the opinion of the court.

This motion is denied. Although the suit was brought against Marsh, Le Fever, and Scott, Marsh and Le Fever alone answered the bill, and the decree was taken *pro confesso* against Scott. Marsh and Le Fever alone appealed from the Circuit Court of the county to the Supreme Court of the state, and from the decree in that court they alone obtained the allowance of a writ of error to this court. To such a writ Scott cannot make himself a party against the objection of Marsh and Le Fever, so as to control the case in this court.

*Motion denied.*